UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

JOSHUA A. YUDELL,

    Defendant,

and

OCFB LLC, et al.

    Relief Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/16/2015
```

Case No. 1:15-cv-04548-JMF

## CONSENT TO ENTRY OF JUDGMENT OF DEFENDANT JOSHUA A. YUDELL AND RELIEF DEFENDANTS OCFB LLC; OXFORD ADVISORS, INC.; OXFORD CAPITAL ADVISORS, LLC; OXFORD CAPITAL ALTERNATIVE INVESTMENTS, INC.; OXFORD CAPITAL FUND, LP; AND OXFORD CAPITAL FUND, LLP

1.    Defendant Joshua A. Yudell ("Defendant") and relief defendants OCFB LLC; Oxford Advisors, Inc.; Oxford Capital Advisors, LLC; Oxford Capital Alternative Investments, Inc.; Oxford Capital Fund, LP; and Oxford Capital Fund, LLP (collectively, "Relief Defendants") waive service of summons and the complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Defendant and Relief Defendants and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant and Relief Defendants admit), Defendant and Relief Defendants hereby consent to the

1

entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant from violation of Section 15(a)(1) of the Securities Exchange Act of 1934 [15 U.S.C. § 78o(a)(1)];

    (b)    permanently bars Defendant from participating in an offering of penny stock[1], including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock;

    (c)    orders Defendant and Relief Defendants, jointly and severally, to pay disgorgement in the amount of $4,176,610.22, plus prejudgment interest thereon in the amount of $118,958.65; and

    (d)    orders Defendant to pay a civil penalty in the amount of $125,000.00 under Section 21(d)(3) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)].

3. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

---

[1] A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant and Relief Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant and Relief Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant and Relief Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant and/or Relief Defendants to enter into this Consent.

7. Defendant and Relief Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant and Relief Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

9. Defendant and Relief Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant and Relief Defendants of its terms and conditions. Defendant and Relief Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that each has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against the Defendant and Relief Defendants in this civil proceeding. Defendant and Relief

Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant and Relief Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant and Relief Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's and Relief Defendants' agreement to comply with the terms of Section 202.5(e), each of them: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the

complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant and/or Relief Defendants does/do not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant and/or Relief Defendants does/do not deny the allegations; (iii) upon the filing of this Consent, Defendant and Relief Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulate solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant and/or Relief Defendants under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant and Relief Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's and Relief Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant and Relief Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant or Relief Defendants to defend

against this action. For these purposes, Defendant and Relief Defendants agree that they are not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant and Relief Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant and Relief Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 5/18/15

_____
Joshua A. Yudell

On May 18, 2015, Joshua A. Yudell, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

SHARON A. MILLER
NOTARY PUBLIC, State of New York
No. 24-4917843
Qualified in Kings County
Commission Expires January 19, 20 18

**AND**

OCFB LLC;
Oxford Advisors, Inc.;
Oxford Capital Advisors, LLC;
Oxford Capital Alternative Investments, Inc.;
Oxford Capital Fund, LP; Oxford Capital Fund, LLP

By: _____
Joshua A. Yudell

On May 18, 2015, Joshua A. Yudell, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of OCFB LLC; Oxford Advisors, Inc.; Oxford Capital Advisors, LLC; Oxford Capital Alternative Investments, Inc.; Oxford Capital Fund, LP; and Oxford Capital Fund, LLP as their authorized representative.

_____
Notary Public
Commission expires:

SHARON A. MILLER
NOTARY PUBLIC, State of New York
No. 24-4917843
Qualified in Kings County
Commission Expires January 19, 20 18

Approved as to form:

E. Scott Morvillo
Morvillo LLP
One World Financial Center, 27th Floor
New York, NY 10281
(212) 796-6345
Attorney for Defendant and Relief Defendants

## OCFB LLC CERTIFICATE OF COMPANY RESOLUTION

I, Joshua A. Yudell, do hereby certify that I am the duly elected, qualified, and acting Managing Member of OCFB LLC (the "Company"), a Maryland limited liability company, and that the following is a complete and accurate copy of a resolution adopted by the Board of Managers of the Company at a meeting held on ___S/17___, 2015, at which a quorum was present and resolved as follows:

**RESOLVED:** That Joshua A. Yudell, Managing Member of OCFB LLC (the "Company"), be and hereby is authorized to act on behalf of the Company, and in his sole discretion, to negotiate, approve, and execute the *Consent Of Defandant Joshua A. Yudell and Relief Defandants OCFB LLC; Oxford Advisors, Inc.; Oxford Capital Advisors, LLC; Oxford Capital Alternative Investments, Inc.; Oxford Capital Fund, LP; and Oxford Capital Fund, LLP*, attached hereto, in connection with resolving an investigation conducted by the United States Securities and Exchange Commission (the "Commission"); in this connection, the aforementioned Joshua A. Yudell be and hereby is authorized to undertake such actions as he may deem necessary and advisable, including the execution of such documentation as may be required by the Commission, in order to carry out the foregoing on behalf of the Company.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate as a sealed instrument this __18__ day of ___May___, 2015.

By: _____
Joshua A. Yudell
Managing Member
OCFB LLC

## OXFORD ADVISORS, INC., CERTIFICATE OF CORPORATE RESOLUTION

I, Joshua A. Yudell, do hereby certify that I am the sole duly elected, qualified, and acting Director and officer of Oxford Advisors, Inc. (the "Company"), a Maryland corporation, and that the following is a complete and accurate copy of a resolution adopted by the Board of Directors of the Company at a meeting held on ___S/17___, 2015, at which a quorum was present and resolved as follows:

**RESOLVED:** That Joshua A. Yudell, Chief Executive Officer of Oxford Advisors, Inc. (the "Company"), be and hereby is authorized to act on behalf of the Company, and in his sole discretion, to negotiate, approve, and execute the *Consent Of Defandant Joshua A. Yudell and Relief Defandants OCFB LLC; Oxford Advisors, Inc.; Oxford Capital Advisors, LLC; Oxford Capital Alternative Investments, Inc.; Oxford Capital Fund, LP; and Oxford Capital Fund, LLP*, attached hereto, in connection with resolving an investigation conducted by the United States Securities and Exchange Commission (the "Commission"); in this connection, the aforementioned Joshua A. Yudell be and hereby is authorized to undertake such actions as he may deem necessary and advisable, including the execution of such documentation as may be required by the Commission, in order to carry out the foregoing on behalf of the Company and/or any other entities the Company controls (including but not limited to Oxford Capital Fund, LP).

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate as a sealed instrument this __18__ day of ___May___, 2015.

By: _____
Joshua A. Yudell
Sole Director and Officer
Oxford Advisors, Inc.

## OXFORD CAPITAL ADVISORS, LLC, CERTIFICATE OF COMPANY RESOLUTION

I, Joshua A. Yudell, do hereby certify that I am the duly elected, qualified, and acting Managing Member of Oxford Capital Advisors, LLC (the "Company"), a Maryland limited liability company, and that the following is a complete and accurate copy of a resolution adopted by the Board of Managers of the Company at a meeting held on ___5/17___, 2015, at which a quorum was present and resolved as follows:

**RESOLVED:** That Joshua A. Yudell, Managing Member of Oxford Capital Advisors, LLC (the "Company"), be and hereby is authorized to act on behalf of the Company, and in his sole discretion, to negotiate, approve, and execute the *Consent Of Defendant Joshua A. Yudell and Relief Defandants OCFB LLC; Oxford Advisors, Inc.; Oxford Capital Advisors, LLC; Oxford Capital Alternative Investments, Inc.; Oxford Capital Fund, LP; and Oxford Capital Fund, LLP*, attached hereto, in connection with resolving an investigation conducted by the United States Securities and Exchange Commission (the "Commission"); in this connection, the aforementioned Joshua A. Yudell be and hereby is authorized to undertake such actions as he may deem necessary and advisable, including the execution of such documentation as may be required by the Commission, in order to carry out the foregoing on behalf of the Company.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate as a sealed instrument this __18__ day of ___May___, 2015.

By: _____
Joshua A. Yudell
Managing Member
Oxford Capital Advisors, LLC

## OXFORD CAPITAL ALTERNATIVE INVESTMENTS, INC., CERTIFICATE OF CORPORATE RESOLUTION

I, Joshua A. Yudell, do hereby certify that I am the sole duly elected, qualified, and acting Director and officer of Oxford Capital Alternative Investments, Inc. (the "Company"), a Maryland corporation, and that the following is a complete and accurate copy of a resolution adopted by the Board of Directors of the Company at a meeting held on __5/17__, 2015, at which a quorum was present and resolved as follows:

**RESOLVED:** That Joshua A. Yudell, Chief Executive Officer of Oxford Capital Alternative Investments, Inc. (the "Company"), be and hereby is authorized to act on behalf of the Company, and in his sole discretion, to negotiate, approve, and execute the *Consent Of Defandant Joshua A. Yudell and Relief Defandants OCFB LLC; Oxford Advisors, Inc.; Oxford Capital Advisors, LLC; Oxford Capital Alternative Investments, Inc.; Oxford Capital Fund, LP; and Oxford Capital Fund, LLP*, attached hereto, in connection with resolving an investigation conducted by the United States Securities and Exchange Commission (the "Commission"); in this connection, the aforementioned Joshua A. Yudell be and hereby is authorized to undertake such actions as he may deem necessary and advisable, including the execution of such documentation as may be required by the Commission, in order to carry out the foregoing on behalf of the Company.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate as a sealed instrument this __18__ day of __May__, 2015.

By: _____
Joshua A. Yudell
Sole Director and Officer
Oxford Capital Alternative
Investments, Inc.

## OXFORD CAPITAL FUND, LP, CERTIFICATE OF PARTNERSHIP RESOLUTION

I, Joshua A. Yudell, do hereby certify that I am the sole duly authorized and acting representative of Oxford Advisors, Inc., sole general partner of Oxford Capital Fund, LP (the "Partnership"), a Maryland limited partnership, and that the following is a complete and accurate copy of a resolution duly and validly adopted by the general partner of the partnership at a meeting held on ____5/17____, 2015, at which a quorum was present and resolved as follows:

**RESOLVED:** That Joshua A. Yudell, sole authorized representative of Oxford Advisors, Inc. (the "General Partner"), sole general partner of Oxford Capital Fund, LP (the "Partnership"), be and hereby is authorized to act on behalf of the General Partner and the Partnership, and in his sole discretion, to negotiate, approve, and execute the *Consent Of Defandant Joshua A. Yudell and Relief Defandants OCFB LLC; Oxford Advisors, Inc.; Oxford Capital Advisors, LLC; Oxford Capital Alternative Investments, Inc.; Oxford Capital Fund, LP; and Oxford Capital Fund, LLP*, attached hereto, in connection with resolving an investigation conducted by the United States Securities and Exchange Commission (the "Commission"); in this connection, the aforementioned Joshua A. Yudell be and hereby is authorized to undertake such actions as he may deem necessary and advisable, including the execution of such documentation as may be required by the Commission, in order to carry out the foregoing on behalf of the General Partner and/or the Partnership.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate as a sealed instrument this __18__ day of ____May____, 2015.

By: _____/s/ Joshua A. Yudell_____
Joshua A. Yudell
Authorized Representative of
Oxford Advisors, Inc.,
Sole General Partner of
Oxford Capital Fund, LP

## OXFORD CAPITAL FUND, LLP, CERTIFICATE OF PARTNERSHIP RESOLUTION

I, Joshua A. Yudell, do hereby certify that I am the sole duly authorized and acting representative of Oxford Capital Fund, LLP (the "Partnership"), a Maryland limited liability partnership, and that the following is a complete and accurate copy of a resolution duly and validly adopted by the Partnership at a meeting held on ___5/17___, 2015, at which a quorum was present and resolved as follows:

**RESOLVED:** That Joshua A. Yudell be and hereby is authorized to act on behalf of Oxford Capital Fund, LLP (the "Partnership"), and in his sole discretion, to negotiate, approve, and execute the *Consent Of Defandant Joshua A. Yudell and Relief Defandants OCFB LLC; Oxford Advisors, Inc.; Oxford Capital Advisors, LLC; Oxford Capital Alternative Investments, Inc.; Oxford Capital Fund, LP; and Oxford Capital Fund, LLP*, attached hereto, in connection with resolving an investigation conducted by the United States Securities and Exchange Commission (the "Commission"); in this connection, the aforementioned Joshua A. Yudell be and hereby is authorized to undertake such actions as he may deem necessary and advisable, including the execution of such documentation as may be required by the Commission, in order to carry out the foregoing on behalf of the Partnership.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate as a sealed instrument this __18__ day of ___May___, 2015.

By: _____
Joshua A. Yudell
Authorized Representative of
Oxford Capital Fund, LLP